IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-02423-PSF-MEH

DALE PURCELL,

    Plaintiff,

    vs.

FOXWORTH-GALBRAITH LUMBER COMPANY, INC.,

    Defendant.

_____

**ORDER ON DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERTS
OR, IN THE ALTERNATIVE, MOTION FOR ADDITIONAL TIME TO
DESIGNATE REBUTTAL EXPERTS**
_____

**I.**    **Background**

Plaintiff alleges that on August 3, 2005, he was assisting in building a home when agents of the Defendant negligently maneuvered some trusses, which fell on Plaintiff and injured him.  Plaintiff has submitted an expert witness disclosure under Federal Rule of Civil Procedure 26(a)(2) which identifies as experts who will testify (1) Dr. L. Barton Goldman (although Plaintiff provided no report and did not identify the nature of Dr. Goldman's proposed testimony), (2) Rodger D. Harper, certified public accountant (although, again, providing no report nor any information about the nature of Harper's testimony), and (3) Fred Zook (with Plaintiff providing a report but not identifying the nature of Mr. Zook's testimony).  Defendant has moved to strike Plaintiff's designation of Goldman and Harper for failure to comply with the federal rules.

For the reasons stated below, the Court **denies** the Defendant's motion without prejudice.

**II.     Discussion**

Plaintiff's expert witness disclosure falls woefully short of the requirements of the federal rules. Plaintiff should have sought leave of Court to extend the deadline for designating experts rather than filing a designation that utterly fails to comply with the disclosure requirements. The United States District Court is not the place in which to submit half-hearted pleadings, intending to improve them at some later point. Further, it is clear that when Defendant telephoned Plaintiff's counsel to indicate that a motion to strike would be filed, Plaintiff's counsel expressed little curiosity in what it would take to come into compliance with the federal rules.

However, the Court believes that the remedy of striking the designation is harsh, especially if any prejudice to the Defendant can be corrected. The Court might have entertained a request for fees, but Defendant made no such request; rather, Defendant requested 30 days in which to file rebuttal designations. Therefore, Plaintiff shall have until July 21, 2006 in which to fully comply with the disclosure requirements of the federal rules, and Defendant shall have until August 15, 2006 to designate rebuttal experts. If Defendant believes that, by July 21, 2006, Plaintiff has still failed to comply with the disclosure requirements, the Court is denying Defendant's motion without prejudice to renewal at that time.

**III.    Conclusion**

For the foregoing reasons, Defendant's Motion to Strike [Filed June 21, 2006; Docket # 39] is **denied** without prejudice.    Plaintiff shall conform his expert disclosures to the federal rules by July 21, 2006, and Defendant's rebuttal experts designations are to be submitted by August 15, 2006.

Dated at Denver, Colorado this 14th day of July, 2006.

                                                BY THE COURT:

                                                s/ Michael E. Hegarty
                                                Michael E. Hegarty
                                                United States Magistrate Judge