IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02423-PSF-MEH

DALE PURCELL,

    Plaintiff,

vs.

FOXWORTH-GALBRAITH LUMBER COMPANY, INC.,

    Defendant.
_____

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO DISCLOSE ADDITIONAL EXPERT WITNESS, DEFENDANT'S MOTION FOR EXTENSION OF TIME TO CONTINUE DISCOVERY, DEFENDANT'S RENEWED MOTION TO STRIKE, AND DEFENDANT'S MOTION FOR EXTENSION OF TIME TO DISCLOSE REBUTTAL EXPERT WITNESS**
_____

## I. INTRODUCTION

The parties have filed several motions which affect the conclusion of the discovery and expert phases of this case, which include the following:

    Docket No. 45 (Plaintiff's Motion for Leave to Disclose Additional F.R.C.P. Rule 26(a)(2) Expert Witness);

    Docket No. 63 (Defendant's Renewed Motion to Strike Plaintiff's Supplemental Witness Designation);

    Docket No. 60 (Defendant's Motion to Extend Discovery Deadline); and

    Docket No. 65 (Defendant's Motion to Extend Deadline to Disclose Rebuttal Expert Witness).

The Court will address each motion separately.

## II. DISCUSSION

**A.   Plaintiff's Motion for Leave to Disclose Additional F.R.C.P. Rule 26(a)(2) Expert Witness**

Plaintiff seeks to disclose a vocational expert, Bruce Magnusson, who will testify concerning Plaintiff's employment options going into the future, in light of the injuries he sustained in the accident that gave rise to this lawsuit. The requested designation of Mr. Magnusson was raised approximately one month after the deadline for designation of experts. There is no trial date in this case. The Court finds that Plaintiff has established good cause for designating a vocational rehabilitation expert given the severity of Plaintiff's injuries; that Plaintiff exercised reasonable diligence in designating Mr. Magnusson; that in light of the original short time period for designating experts, some additional time is warranted here; and that Defendant has not established any prejudice. Therefore, the Court **grants** the Motion for Leave to Disclose. Defendant will have 30 days from the date of this Order in which to depose Mr. Magnusson (Plaintiff is directed to make Mr. Magnusson available during this time) and to designate a rebuttal witness if it so desires.

**B.   Defendant's Renewed Motion to Strike Plaintiff's Supplemental Witness Designation**

Defendant moves to strike the designations of Fred Zook, Rodger Harper, and Bruce Magnusson. As noted above, the Court permits the disclosure of Mr. Magnusson, and the Motion to Strike is denied as to him. As to Fred Zook, Defendant make a credible argument that expert disclosures are designed, in part, to permit the opposing party to have adequate information in order to avoid the expense of an expert deposition. Mr. Zook's report is sufficiently thin on analysis of why the trusses fell that Defendant must take Mr. Zook's deposition. Therefore, as a remedy the Court will require Plaintiff to pay the cost of Defendant's deposition of Mr. Zook, including a *reasonable*

attorney's fee.

As for Mr. Harper, Defendant argues that his report relies upon information provided by a vocational expert, Mr. Magnusson, although Defendant provides no argument why this is improper, nor does Defendant provide a basis for this Court to find that use of such information is improper for an economic expert. Therefore, the Motion to Strike is denied as to Mr. Harper. However, both parties are reminded of their obligation to supplement any expert reports, and that the trial testimony of any expert will be limited by the scope of the disclosures made under Fed. R. Civ. P. 26.

For the foregoing reasons, the Motion to Strike is **denied** except insofar as the Court will require Plaintiff to pay the costs of Mr. Zook's deposition.

**C.    Defendant's Motion to Extend Discovery Deadline**

Defendant requests additional time to complete discovery. As far as the Court can determine, Plaintiff did not file a response. Defendant has established good cause, and the motion is **granted**. The parties are to use all efforts to complete discovery by the date of the pretrial conference in this case, October 2, 2006. The Court will discuss any remaining matters with the parties at that time. However, if the Court determines that any party failed to cooperate with diligence in completing discovery, appropriate orders may be entered at that time.

**D.    Defendant's Motion to Extend Deadline to Disclose Rebuttal Expert Witness**

Defendant has requested until September 29, 2006 to designate any rebuttal expert witness. Plaintiff does not object to some extension of time, but does object to permitting Defendant until September 29, 2006. The Court believes that Defendant has provided sufficient justification for the requested extension. In addition, the Court takes some responsibility for the delay in this case, in light of the timing of this Order. Therefore, the motion is **granted**.

The Court understands the difficulty in completing all the necessary work remaining in this case, prior to October 2, 2006. The Plaintiff, the Defendant, and the Court all have some responsibility for this. The Court will work with the parties to ensure that both parties' rights are protected. However, the parties are requested to engage in their best efforts to try to complete all discovery by October 2, 2006. At that time, the Court will make a detailed inquiry into the efforts the parties have undertaken, and in light of the parties' responses to the Court's inquiry, the Court will enter any necessary and appropriate orders at that time.

### III. CONCLUSION

For the foregoing reasons, the Court enters the following Order:

**Docket No. 45** (Plaintiff's Motion for Leave to Disclose Additional F.R.C.P. Rule 26(a)(2) Expert Witness) is **granted**.

**Docket No. 63** (Defendant's Renewed Motion to Strike Plaintiff's Supplemental Witness Designation) is **denied**. However, Plaintiff shall pay the cost of Mr. Zook's deposition, and a *reasonable* attorney's fee for Defendant's counsel.

**Docket No. 60** (Defendant's Motion to Extend Discovery Deadline) is **granted**.

**Docket No. 65** (Defendant's Motion to Extend Deadline to Disclose Rebuttal Expert Witness) is **granted**.

SO ORDERED.

Dated this 21st day of September, 2006.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge